IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WAYNE HUNTER, 13034945, )<br>　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>CRAIG WATKINS, ET AL., )<br>　　　　　Defendants. ) | No. 3:14-CV-1536-N |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.　Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County District Attorney Craig Watkins, Dallas Police Officer O. Hampton, Dallas County Clerk Gary Fitzsimmons, the Crime Records Service of the Department of Public Safety and the Dallas Police Department. Process has not issued pending preliminary screening.

Petitioner states Defendants unlawfully used his confidential and expunged misdemeanor criminal records to arrest and indict him. He is currently awaiting trial on this indictment. He seeks money damages and destruction of the criminal records.

**II.　Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**III.    Discussion**

**1.    *Heck v. Humphrey***

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff argues Defendants have unlawfully used expunged records to arrest and indict him. These claims necessarily imply the invalidity of the arrest and indictment. The indictment against Plaintiff is currently pending. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v.*

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.    Non-Jural Entities**

Plaintiff names the Dallas Police Department and the Crime Records Service of the Department of Public Safety as Defendants. These Defendants, however, are non-jural entities under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Dallas Police Department and the Crime Records Service of the Department of Public Safety should therefore be dismissed.

**3.    State Law**

Plaintiff claims the Defendants' actions have violated a state statute prohibiting public disclosure of the expunged records. To the extent Plaintiff argues that the violation of the state statute supports a claim under § 1983, his complaint should be dismissed. To obtain relief under

§ 1983, a plaintiff must prove a deprivation of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e).

Signed this 21st day of May, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).